# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1704V**

| | |
|---|---|
| STEPHEN VACCARO, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: April 26, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Michael Joseph Lang, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On November 30, 2020, Stephen Vaccaro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that after receipt of an influenza ("flu") vaccine on September 22, 2019, he suffered a shoulder injury related to vaccine administration ("SIRVA"), corresponding to a listing on the Vaccine Injury Table (the "Table"). Petition at 1; *see also* 42 C.F.R. §§ 100.3(a), (c)(10).

The case was assigned to the Special Processing Unit of the Office of Special Masters. Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner has established a Table SIRVA claim, and in the event that

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I resolved entitlement in Petitioner's favor, setting forth their respective arguments on damages. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on April 26, 2024.

Petitioner argues that he has established a Table SIRVA, which resulted in actual pain and suffering warranting an award of $52,000.00. ECF Nos. 38, 41, 46.

Respondent disputes that one Table element has been met, specifically, that Petitioner has failed to establish that he suffered the onset of pain within 48 hours of vaccination as required by C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)(ii). ECF No. 40. Otherwise, if I find that Petitioner has established a Table SIRVA, Respondent recommends an award of $35,000.00. ECF No. 48.

After listening to the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections V - VII of *Crawford v. Sec'y of Health & Hum. Servs.*, No. 19-0544V, 2024 WL 1045147, at *12-22 (Fed. Cl. Feb. 5, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) I find that Petitioner has established that he suffered the onset of pain within 48 hours of her vaccination, and that all other SIRVA Table requirements pursuant to 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10) were satisfied. Additionally, Petitioner has established the additional requirements of Section 11(c), *i.e.,* receipt of a covered vaccine, residual effects of injury lasting six months, etc. *See generally* § 11(c)(1)(A)(B)(D)(E). I therefore find that Petitioner is entitled to compensation in this case, and that $43,000.00 represents a fair and appropriate amount of damages for Petitioner's actual pain and suffering.[3]

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

Accordingly, **I award Petitioner a lump sum payment of $43,274.67 (representing $43,000.00 for actual pain and suffering, and $274.67 for unreimbursable past medical expenses)[4] in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] The parties stipulated to the expenses. ECF No. 46 at 9; ECF No. 48 at n. 2.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.